# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL E. NAGEL,**

    Plaintiff,

-vs-                                Case No. 14-CV-1064

**UNITED STATES OF AMERICA,**

    Defendant.

# DECISION AND ORDER

The plaintiff, a federal prisoner, submitted a motion under 28 U.S.C. § 1346(b)(1), which was docketed as a complaint. This matter is now before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff is incarcerated (and was when he filed his motion). Pursuant to the PLRA, the plaintiff has been assessed and paid an initial partial filing fee of $8.70. See 28 U.S.C. § 1915(b)(1). The Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation

- 2 -

omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The plaintiff seeks monetary compensation under the Federal Tort Claims Act (FTCA) for two hard drives that were returned to him with the data erased. These hard drives were seized as part of a criminal investigation that led to the plaintiff's conviction for child enticement in Case No. 07-CR-212 (E.D. Wis.). In the context of his criminal case, the plaintiff sought the return of the data from the hard drives. The United States District Court Judge assigned to his criminal case issued several orders directing the government to make all reasonable efforts to copy the archived data from the hard drives onto new hard drives. (Case No. 07-CR-212, ECF Nos. 101, 119, 121). The Court also advised the plaintiff that it would not entertain any further filings regarding the issue in that criminal case. Despite the activity in his criminal case, the plaintiff submits that

two FBI agents failed to provide the plaintiff with a mirror copy of his system's hard drive and refused to comply with their own agreements regarding returning the plaintiff's property.

The FTCA waives the federal government's immunity for the torts of its employees and authorizes suits against the United States for damages for "loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). There is an exception, though, for claims arising from the detention of goods by law enforcement officers. 28 U.S.C. § 2680(c); *Smoke Shop, LLC v. U.S.*, 761 F.3d 779 (7th Cir. 2014).

Another federal law called the Civil Asset Forfeiture Reform Act (CAFRA) "amended § 2680(c) to 're-waive' the government's immunity in detention-of-goods cases where the goods were 'seized for the purpose of forfeiture' and certain other requirements are met." *Id.* (quoting 28 U.S.C. § 2680(c)(1)). However, there is no suggestion that the plaintiff's hard drives were seized for the purpose of forfeiture. *See* 28 U.S.C. § 2680(c)(1). Even more importantly, in order for the CAFRA "re-waiver" to apply, the claimant must not have been convicted of the crime for which the property was subject to forfeiture. 28 U.S.C. § 2680(c)(4).

The plaintiff acknowledge in his complaint that law enforcement officers seized his hard drives as part of a criminal investigation that resulted in his conviction. Therefore, the government has not waived its sovereign immunity, and the plaintiff fails to state a claim under the FTCA for any damage to his property.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Director of the Bureau of Prisons or his designee shall collect from the plaintiff's prison trust account the $341.30 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the

preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2015.

**BY THE COURT:**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**